**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| PELLA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CLOPAY BUILDING PRODUCTS COMPANY, INC., <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT AND JURY DEMAND BY PLAINTIFF PELLA CORPORATION** |

For its Complaint against Defendant Clopay Building Products Company, Inc. ("Defendant" or "Clopay"), Plaintiff Pella Corporation ("Pella") states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, false designation of origin, trademark dilution, unfair competition, and injury to business reputation arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, common law, and Iowa state law.

**THE PARTIES**

2. Plaintiff Pella is an Iowa corporation with its principal place of business at 102 Main Street, Pella, Iowa.

3. Upon information and belief, Defendant Clopay is a Delaware corporation with its principal place of business at 8585 Duke Boulevard, Mason, Ohio.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Pella's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental

1

jurisdiction over Pella's Iowa state law and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are joined with substantial and related claims under the Lanham Act, and are so related to the claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

5. The exercise of *in personam* jurisdiction over Defendant comports with the laws of the State of Iowa and the constitutional requirements of due process at least because Defendant advertises, promotes, distributes, offers for sale, and sells its products, including under the infringing trademark CAPELLA, in this District.  *See, e.g.*, **Exhibit A**.  Defendant has committed a tort in whole or in part in Iowa against a resident of Iowa, making the exercise of personal jurisdiction over Defendant proper. *See* Iowa Code § 617.3.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant is subject to personal jurisdiction in this District and therefore resides in this District.

## GENERAL ALLEGATIONS

**A.     PELLA and Its PELLA Mark.**

7. Pella is a family-owned company that has been in the business of selling windows and related products for ninety years.  Pella was initially known as the Rolscreen Company, and was most widely known for its "disappearing" ROLSCREEN® window screens.  Today, its name is the Pella Corporation, and it designs, manufactures, and sells a variety of windows, doors and related products throughout the United States and abroad.

8. Since at least 1934, Pella has continuously used (and is today using) the trademark PELLA in connection with a variety of goods and services, including without limitation windows, doors, window screens, and rolling window screens.

9. Pella has invested great sums of money and substantial effort in establishing, promoting, and protecting the PELLA mark. Through Pella's continuous and extensive use and promotion of its goods under the PELLA mark, and through the exercise of control over the quality of those goods, the PELLA mark has amassed substantial and valuable goodwill and consumer recognition.

10. The PELLA mark is famous and distinctive as it is widely recognized by the general consuming public of the United States and Iowa as a designation of the source of Pella's products.

11. In addition to robust common law rights in the PELLA mark, Pella owns the following federal trademark registrations, among others:

| Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| PELLA | 811,964 | 8/2/1966 | double hung windows, casement windows, awning type windows, stationary windows, double glazed sashes, sliding glass doors, folding doors, folding partitions, window screens, rolling window screens |
| *Pella* (script logo) | 836,191 | 10/3/1967 | double hung windows, casement windows, awning type windows, stationary windows, double glazed sashes, sliding glass doors, window screens, rolling window screens |
| Pella (in square/circle logo) | 959,646 | 5/29/1973 | double hung windows, casement windows, awning type windows, stationary windows, double glazed sashes, sliding glass doors, folding doors, window screens, rolling window screens |
| Pella (in circle logo) | 959,647 | 5/29/1973 | double hung windows, casement windows, awning type windows, stationary windows, double glazed sashes, sliding glass doors, window screens |

| PELLA | 4,197,287 | 8/28/2012 | fabric window coverings and treatments, namely, curtains, draperies, sheers, swags and valances |
| --- | --- | --- | --- |
| PELLA | 4,608,705 | 9/23/2014 | wholesale and retail store services and distributorship services featuring doors and windows and parts and accessories for doors and windows; organizing and conducting exhibitions in the field of doors and windows and construction services relating to the same for commercial purposes |

(the "PELLA Registrations").  True and correct printouts from the USPTO website showing the current status and title for the Pella Registrations are attached hereto as **Exhibit B**.

12. Under federal law, Pella's nationwide priority in the PELLA mark dates back to at least as early as August 2, 1966.

13. Pella has not authorized Defendant to use the PELLA mark, or any confusingly similarly mark, in any manner whatsoever.

**B.  Defendant and Its Unlawful Acts.**

14. Defendant manufactures entry doors and garage doors for residential and commercial purposes.

15. On January 12, 2015, Defendant filed an application to register the trademark CAPELLA in connection with window lites on an intent-to-use basis.  Specifically, Defendant filed application Serial No. 86/500,569 in International Class 19 for CAPELLA in connection with "Decorative window lites in the nature of glass and plastic panels for use in metal and non-metal entry doors and as replacement units for such metal and non-metal entry doors; decorative window lites, side lites and transom lites in the nature of glass and plastic panels for use in metal and non-metal entry doors and as replacement units for such metal and non-metal entry doors."  (*See* **Exhibit C**.)

4

16. Pella informed Defendant of Pella's superior rights in the PELLA mark by correspondence dated March 25, 2015. Notwithstanding this and subsequent communications regarding Defendant's confusing and wrongful use of CAPELLA, Defendant nonetheless declined to cease and desist from its use of CAPELLA.

17. Instead, or around June 2015, Defendant added numerous decorative glass designs to its entry door line. One of these designs is advertised, promoted, offered for sale, and sold under the CAPELLA name. (*See* **Exhibit D**.)

18. Because Defendant's first use of CAPELLA occurred nearly half a century after 1966, Pella has priority of right.

19. Defendant's use of the designation CAPELLA is likely to cause confusion, mistake, or deception in the market as to the source or origin of Defendant's goods, to dilute the distinctive quality of the PELLA mark and weaken the association between the famous PELLA mark and the goods Pella offers thereunder, and to falsely suggest that Defendant and its goods are sponsored by, connected to, or associated with Pella, when they are not.

20. Upon information and belief, Defendant commenced its competing use of CAPELLA with knowledge of the PELLA mark and Pella's goods offered under the PELLA mark.

21. By using the designation CAPELLA in connection with decorative window lites, side lites, transom lites, and related goods, Defendant is willfully and intentionally trading upon the goodwill Pella has at its considerable expense and effort developed in the PELLA mark. Defendant thereby has caused and is causing Pella substantial and irreparable harm and injury.

22. Pella has no control over the quality of the services Defendant provides under the CAPELLA name. The invaluable goodwill represented in the PELLA mark is thereby wrongfully at Defendant's mercy.

## COUNT I
### Infringement of Federally Registered Marks
### (15 U.S.C. § 1114(1))

23. Pella repeats and realleges the preceding paragraphs as if fully set forth herein.

24. Pella's PELLA Registrations evidence Pella's exclusive right to use the PELLA mark in connection with the goods and services identified therein.

25. Pella commenced use of the PELLA mark in interstate commerce prior to any use of the designation CAPELLA by Defendant.

26. Defendant is not authorized to use the PELLA mark or any designation confusingly similar to or that in any way represents or implies that Defendant and/or its goods are in any way associated with Pella and/or with the goods and services offered under the PELLA mark.

27. Defendant's unauthorized use of the designation CAPELLA in connection with decorative window lites, side lites, transom lites, and related goods constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Defendant's use of CAPELLA is likely to cause confusion, mistake, and/or deception in the marketplace as to the source or origin of its goods, and falsely suggests that Defendant's goods are sponsored by, connected to, or otherwise associated with Pella.

28. As a direct and proximate result of Defendant's knowing, deliberate, and willful infringement of the PELLA mark, Pella has suffered, and will continue to suffer, irreparable

harm to its business, reputation, and goodwill, unless and until Defendant's actions as alleged herein are permanently enjoined.

29. As a direct and proximate result of Defendant's actions described herein, Pella is entitled to a monetary recovery under 15 U.S.C. § 1117 in an amount to be proven at trial.

30. Defendant's actions described herein have been knowing, willful, and deliberate. This is therefore an exceptional case within the meaning of 15 U.S.C. § 1117(a), and Pella should be awarded enhanced damages and its reasonable attorneys' fees.

## COUNT II
### False Designation of Origin
### (15 U.S.C. § 1125(a))

31. Pella repeats and realleges the preceding paragraphs as if fully set forth herein.

32. Pella commenced use of the PELLA mark in interstate commerce prior to any use of the designation CAPELLA by Defendant.

33. Defendant is not authorized to use the PELLA mark or any designation confusingly similar to or that in any way represents or implies that Defendant and/or its goods are in any way associated with Pella and/or with the goods and services offered under the PELLA mark.

34. Defendant's unauthorized use of the designation CAPELLA in connection with decorative window lites, side lites and transom lites, and related goods constitutes false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's use of CAPELLA is likely to cause confusion, mistake, and/or deception in the marketplace as to the source or origin of its goods, and falsely suggests that Defendant's goods are sponsored by, connected to, or otherwise associated with Pella.

35. As a direct and proximate result of Defendant's knowing, deliberate, and actions described herein, Pella has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Defendant's actions as alleged herein are permanently enjoined.

36. As a direct and proximate result of Defendant's actions described herein, Pella is entitled to a monetary recovery under 15 U.S.C. § 1117 in an amount to be proven at trial.

37. Defendant's actions described herein have been knowing, willful, and deliberate. This is therefore an exceptional case within the meaning of 15 U.S.C. § 1117(a), and Pella should be awarded enhanced damages and its reasonable attorneys' fees.

## COUNT III
### Trademark Dilution
### (15 U.S.C. § 1125(c))

38. Pella repeats and realleges the preceding paragraphs as if fully set forth herein.

39. The PELLA mark is famous and distinctive as it is widely recognized by the general consuming public of the United States as a designation of the source of Pella's products.

40. After the PELLA mark became famous, Defendant began use in commerce of CAPELLA, which is likely to cause dilution by blurring in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c). Defendant's use of CAPELLA is likely to dilute the distinctive quality of the PELLA mark and weaken the association between the famous PELLA mark and the goods Pella offers thereunder.

41. As a direct and proximate result of Defendant's knowing, deliberate, and actions described herein, Pella has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Defendant's actions as alleged herein are permanently enjoined.

42. As a direct and proximate result of Defendant's actions described herein, Pella is entitled to a monetary recovery under 15 U.S.C. § 1117 in an amount to be proven at trial.

43. Defendant's actions described herein have been knowing, willful, and deliberate. This is therefore an exceptional case within the meaning of 15 U.S.C. § 1117(a), and Pella should be awarded enhanced damages and its reasonable attorneys' fees.

## COUNT IV
### Unfair Competition
### (Common Law)

44. Pella repeats and realleges the preceding paragraphs as if fully set forth herein.

45. Defendant's unauthorized use of the designation CAPELLA as alleged herein constitutes common law unfair competition. Defendant's use of CAPELLA is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's goods, and to falsely suggest that Defendant and its goods are sponsored by, connected to, or associated with Pella.

46. Defendant's wrongful use of the designation CAPELLA is knowing, deliberate, and willful.

47. As a direct and proximate result of Defendant's actions described herein, Pella has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court permanently enjoins Defendant's actions.

48. As a direct and proximate result of Defendant's actions described herein, Pella has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT V
**Injury to Business Reputation – Dilution**
**(Iowa Code 548.113)**

49. Pella repeats and realleges the preceding paragraphs as if fully set forth herein.

50. The PELLA mark is famous and distinctive in Iowa as it is widely recognized by the general consuming public of Iowa as a designation of the source of Pella's products.

51. After the PELLA mark became famous in Iowa, Defendant began use in commerce of CAPELLA, which is likely to dilute the distinctive quality of the PELLA mark and weaken the association between the famous PELLA mark and the goods Pella offers thereunder.

52. As a direct and proximate result of Defendant's knowing, deliberate, and actions described herein, Pella has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Defendant's actions as alleged herein are permanently enjoined.

53. Defendant's actions described herein have been knowing, willful, deliberate, and in bad faith. Pella is therefore entitled under Iowa Code 548.113 to recover money damages, reasonable attorneys' fees, and enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, Pella prays that this Court:

A. Permanently enjoin and restrain Clopay, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using the CAPELLA mark and any other mark or designation confusingly similar to the PELLA Mark;

B. Order Defendant to pay to Pella damages sustained by reason of Defendant's willful trademark infringement, false designation of origin, trademark dilution, unfair competition, and other wrongful conduct;

C. Order Defendant to account for and to pay Pella all profits derived by Defendant by reason of the acts complained of herein;

D. Treble all profits and damages owing to Pella due to Defendant's willful trademark infringement, false designation of origin, and trademark dilution pursuant to 15 U.S.C. § 1117(a);

E. Treble all profits and damages owing to Pella due to Defendant's willful acts causing injury to Pella's business reputation and trademark dilution pursuant to Iowa Code 548.113;

F. Order Defendant to pay Pella its reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1117(a) and Iowa Code 548.113 and/or other applicable law; and

G. Grant Pella such other and further relief as the Court may find to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure Rule 38(b), Pella demands a trial by jury on all claims to which a right to jury trial exists under law.

Dated: June 9, 2016    **FAEGRE BAKER DANIELS LLP**

/s/ *Ross W. Johnson*
Ross W. Johnson
801 Grand Avenue, 33rd Floor
Des Moines, Iowa  50309-8002
Telephone:  (515) 248-9000
Facsimile:   (515) 248-9010
Email:        ross.johnson@faegrebd.com

***Counsel for Pella Corporation***

US.106765246.01